My name is Kara Hartzler and I represent the petitioner Randy Cabantac. This case confronts the issue of whether a lawful permanent resident may be deported based on the contents of a California abstracted judgment and felony complaint when those contents are directly contradicted by the transcript of the plea colloquy. Why do you say that, directly contradict, that as I read the transcript the trial judge in California asked Mr. Cabantac, do you plead guilty to count one of the information on three occasions? And he said, yes, I do. Count one of the information was charged a violation of 1377A, possession of a controlled substance to wit marijuana. I believe, actually, Your Honor, I believe it didn't say count one of the information. I believe it just said count one. That may be. What was it, count one of your telephone number? There are two arguments that I would state in response to that, Your Honor. First of all, the court, in terms of stating the plea, it said, do you plead that on February 8th, 2003, you possessed a controlled substance. There was no direct reference in that statement to the charging document. So as a result, what the court was actually doing was, it was presenting a new case. Let me read to you. All right. In the case ending in 933-3, that's a specific reference to a court document. Mr. Cabantac, is it your understanding that you are pleading guilty to count one of the complaint? The complaint is filed before the preliminary hearing, and then the information after a probable cause finding is made is filed. All right. Count one of the complaint, and you are eligible for the deferred entry of judgment program, yes, Your Honor. Later, the court, you are going to be pleading guilty to count one of the complaint. Is that your understanding? Yes, Your Honor. All right. You are being charged, then, on count one of the, with the violation of Health and Safety Code 11377A as a felony, the crime of possession of a controlled substance which occurred on or about February 8th, 2003. Correct. So you are exactly There was no mention of methamphetamine. Just count one of the complaint. Now, what did count one of the complaints say with respect to the substance which was transported or otherwise used to commit the crime? Count one of the complaint did reference methamphetamine. You are exactly right, Your Honor. However, what we would state is that the first two references in that transcript actually, when they do say count one of the complaint, those were actually preliminary, and that wasn't exactly the moment when he entered the plea. When he entered the plea, there was only a reference to count one. It did not reference the complaint. It also did not reference methamphetamine. Now, would you be specific as to where in the plea colloquy you are referring to? That would be in the record. It would be pages 107 and 108. Okay. And what you're arguing is line 24, because at that time he said count one with a violation of 11377. Correct. And so what we're arguing is that at that time, when he actually entered the plea, he was not, in fact, pleading to methamphetamine. Yeah, but this is the same hearing. And just a couple of pages earlier, which would be just a few minutes in the colloquy, it's very clear, as Judge Bea pointed out, that we're talking about count one of the complaint. There's no doubt about what that count one is. Is there? I would argue that, yes, there is. And one of the reasons I would argue that is because under California procedure, there's two stages. First of all, you plead either guilty or nolo contender. And then after that stage, you enter a factual basis. Now, we all acknowledge that a plea of nolo contender or guilty will say, yes, I am pleading guilty. But what controls, for purposes of this analysis, is what is the factual basis to which the person is centered. What was he pleading guilty to? And in that sense, the factual basis. The factual basis which justifies a guilty plea is to satisfy the court that there is indeed a crime committed and this man was the author of it, so that he, if he is demented or misled, he's not pleading to a crime he didn't commit. It has nothing to do with the analysis of whether the documents of conviction show a crime of a certain character. I would respectfully just disagree, Your Honor. And one of the reasons for that disagreement is because under California law, you can plead to any number of documents. You can plead to the charging document. You could plead to a police report or a pre-sentence investigation. There's any number of documents that you could plead. So if we always assume that you're pleading to countenance. You plead guilty to a charge. You can't be convicted because of a police statement or a police report. There's only one thing you can plead guilty to, and that is what the public prosecutor has charged you with. I would respectfully disagree in that. You think that police you can plead guilty to a police report? Because that is really news to me. You can. I used to be at 850 Bryant Street. I never heard of a plea to a police report. You can plead guilty to a factual basis that is based on a police report. No, no. The factual basis is, again, for the assurance of the court that the crime has been committed and the plaintiff is not being misled to pleading guilty to something he didn't do. You can't plead guilty to a press report nor to a television presentation. You plead guilty to a complaint, pre-preliminary hearing, or to an information post-preliminary hearing, period. There is California case law stating, however, that those counts can be amended at the time of the plea. And we do see that happening. Can be amended? Can be amended at the time. For instance, under the case People v. Sandhoff. Certainly they can, but they must be amended before the plea of guilty is entered for the man to plead guilty to the amended charge. And we don't necessarily know in this case that it was not amended to just state possession of a controlled substance. We know very well in this case of the complaint in Count 1 mentioned possession of methamphetamine. Correct. But we don't know. We know that that is what he was originally charged with in the felony complaint. We don't know that this was not amended at the time that he entered the plea so that he only pleaded guilty to possession of a controlled substance. One of the reasons that this is so critical. Go over that again. Certainly. The complaint says controlled substance to wit, methamphetamine. He says I'm pleading guilty to Count 1 of the complaint. But somehow you say, you say, we don't know. He might be thinking he's pleading guilty to controlled substance to wit marijuana. I'm saying that what controls for the purposes of this case is what is the factual basis to which he pleaded. And I would respectfully disagree, because it is. Not the factual basis. The factual allegations to which he pleaded. He pleaded guilty to a factual allegation because methamphetamine is a fact or it isn't a fact. It's not a matter of law. In Shepard v. U.S., the United States Supreme Court stated that it's the factual basis rather than the charges to which he pleaded. It said that the best indication of what a person has been convicted of is the factual basis to which the defendant assented. It's not the charge. It's the basis, the facts that he stated, yes, I plead guilty to this. But the basis of fact which he's convicted is what's related in the charge. There hasn't been any trial so far. There's been no facts introduced. There's been no evidence introduced. That's the whole purpose of a guilty plea, so they don't have to prove those things. Now, I've had enough. Go ahead. That's been your end. So I would be glad to, at this point, directly address the four questions that were addressed by this Court. You had an argument, and I lost track of it. I just want to make sure I understand. I mean, you were looking at the abstract of judgment, and the question you posed was can an abstract of judgment that is contradicted by the transcript serve as a basis for determination, in this case it's Houston Method Academy. I'm not seeing the contradiction. The contradiction. Even accepting your argument, which, again, as my colleagues have expressed, I have some doubt about, but even to your point, as best I can see, is an ambiguous transcript in a clear abstract. The abstract is unambiguous. So I'm not sure how you can show a contradiction between a clear abstract and an ambiguous transcript. The first response that I would give, Your Honor, is that the California law is very, very clear that an abstract of judgment cannot add to what is stated in the transcript. And so in this case, what's happening is you have a transcript. No, I think what California law says, it cannot change the judgment, not it cannot change the transcript. That's a very different proposition. He pleaded guilty to whatever he pleaded. There was a judgment against him. An abstract, insofar as it differs from that judgment, can't add or subtract or amend that. But I don't see where it does any of those things or where it contradicts this transcript. We would respectfully state, Your Honor, that there are very specific reasons that a person may amend the charging document in order to plead solely to possession of a controlled substance without listing a drug. And in this case, this is a prime example. There are important reasons for immigrants to amend or modify the charging document or the factual basis in order to plead to an offense that is going to have minimized immigration consequences. So when you have that kind of situation, it's important that we not take that plea out from under the person. And in this case, there is, in our But we didn't do anything. The Federal Government did nothing. This is a State document reflecting what the State authorities tell us the judgment is. The transcript is evidence. It's, I think, somewhat akin to getting a birth certificate. Let's say you lose your birth certificate. There's a record of, assuming you were born in California, there's a record of birth in the county where you were born, and say, I want the record of my birth. And you go, and the registrar gives you a certificate that reflects the county records of when and where you were born. Here, the abstract, as I understand it, is a certificate from the court clerk saying, Our records reflect that this is the state of this man's conviction. And it comes out and it says methamphetamine. How do you get around that? How is that in any way adding or subtracting to what's, now there's a mistake, if in fact there is a judgment, the actual judgment. Like if you find the original birth certificate, you say, look, the abstract is wrong. You can get it corrected. But what proof do we have here that the judgment is not exactly what the abstract says? I would go back to the issue of the factual basis, Your Honor, and state that there's two ways that the factual basis or the conduct to which the defendant in this case pleaded does not in any way reference methamphetamine. First of all, it doesn't state, are you pleading guilty to possession of methamphetamine? It states, are you pleading guilty to possession of a controlled substance? Therefore, any reference to that. But that is what Snellenberger says is if you have a problem with the state record and you believe that it does not properly reflect what the record of the state court in fact is, you have to go back to the state authorities and argue that this is wrong. It's not up to us as federal authorities to go around an official record of the state and determine whether or not it is an accurate reflection of the conviction. Aren't we sort of, isn't this almost a question of federalism? I mean, the state, the abstract tells us that's what the judgment is. You know, that's what the judgment is. It's, you know, we accept it as given to us. You don't like it. You put a stop to the federal proceedings, which I'm sure the IG would have allowed to take place, and go back to state court, find somebody like Judge Beyer, the 850. What was it? Bryan Street. Bryan Street, and say, Your Honor, we have an abstract of judgment. The abstract is wrong. We'd like to have it conform to the actual judgment. Isn't that the remedy? If this was only a case where we had an abstract of judgment and a charging document, I would absolutely agree with you. Snellenberg controls, and perhaps he had the responsibility to go back and change the abstract of judgment. But in this case, we have a transcript that does not reference methamphetamine. But, you see, you are trying to force us, the federal authorities, and by us, I mean us and the immigration and federal system, to second-guess these state records. Doesn't Snellenberger say we don't do that? Snellenberger says — I mean, I descended from Snellenberger, so I'm not, you know, all that fond of it, but I can read English, and that's what it says. And what it seems to say is if you have a problem with a state record, we're not the people to look over to. The problem has to be fixed by going to the state authorities and getting them to give you a better reflection of what you think the judgment is. And then questions like the one you're raising here, that perhaps Judge Beyer, I'm sure, is competent to resolve, but I'm not sure I'm competent to resolve as to, you know, what a state court, you know, the difference between a complaint and a — I don't know. I'm — I'm from my expertise. That's the kind of thing that should be resolved by state authorities, people — people who do this every day. And we would submit, Your Honor, that actually California law has figured this out. California law has come up with a clear hierarchy of documents. And we're not asking this Court to go back and question that this is a good document or this is a good document. We're asking this Court to defer to what California law sets out that it must do in terms of deferring to the transcript of the abstract of judgment. So I would respectfully state that this is not necessarily a federalism question. This is a question of deferring to California state law and how it has already decided that contradicting documents should be dealt with. Okay. Thank you. We'll hear from the government. Aaron Petty on behalf of the Attorney General. You're back. So soon. I'm glad to see the Justice Department is not wasting travel funds. No, no, I'm serious. I mean, very often we'll get cases from Washington. There will be two or three lawyers out, so I just tell your supervisors I think it's commendable. I'll do that. The Court should deny the petition for review because the Board did not rely solely on the abstract of judgment. Even if it did, it was permissible to do so. And if not, the additional documents in the conviction record substantiate Kubantek's removability. Kubantek's argument rests entirely on two mistaken premises. First, he did not, in fact legally could not, have pleaded pursuant to People v. West. He entered a guilty plea. And second, there was no amendment. Tell me about People v. West. Specifically? Tell me two ways. Why couldn't he have pleaded guilty pursuant to People v. West? What does People v. West require? Well, he couldn't have pleaded pursuant to West because he was entered in the deferred entry of judgment program. This is in the 28J that I submitted this morning. And to enter the DEJ program, a defendant must plead guilty under Cal Penal Code 1000.1A3. So we know from the fact that he was in the program that it must have been a guilty plea. It doesn't look as though the controlling statute contemplates West's pleas as sufficient to enter the program. In addition to that, there was a factual finding by the immigration judge that he pled guilty. That's at page 151 of the record. That was in the first immigration judge decision. In the second immigration judge decision, page 55 of the record, that factual finding was incorporated into the second immigration judge decision. At that point, Kubantag went to the board and said, no, no, I entered a West plea, not a guilty plea. And the board came back, page 3 of the record, and said, no, we agree with the immigration  You pleaded guilty. You know, what do you make about the succession of cases we've had on of whether abstracts are or are not a proper basis for us to rely on? We've said all manner of things. Where do you think the state of the law is? We've said they can't be considered. We've said they can't be considered alone. We've said they can be considered. Where do you think we stand? I think they can be considered alone, provided that they provide enough information to determine what the drug was, in this case, or how the crime was committed as its material to the modified categorical analysis. And that's entirely Snellenberger? It's Snellenberger, and it's consistent with the cases that came before Snellenberger, I believe. There's a lot of cases. But it doesn't matter. Snellenberger is a bank opinion, and it wipes out what came before. Well, so is Vidal. That's also an in-bank opinion which preceded Snellenberger. Isn't there some tension there? I don't think so, at least not tension that can't be resolved. The problem with Vidal, the Vidal in-bank opinion, I'll call it Vidal II, was that it relied almost exclusively on Snellenberger I. And Snellenberger I was, of course, superseded by Snellenberger II. So to the extent that Vidal contradicts Snellenberger, I think we have to go with Snellenberger. It was both later in time and the rationale that fed into the Vidal II decision was superseded. We also have cases like Navidad Marcos and a number of others. But you're also saying, if I heard you correctly, that you would reconcile Snellenberger and Vidal. Now you're saying that Snellenberger trumps Vidal. Which is it? I think it does trump Vidal, simply by virtue of it coming later in time. Okay, all right. And it's consistent, even if it – well, necessarily it would have to come later in time for that to work out. So it's kind of a six of one, half dozen of the other. But with regard to the issue of the West pleas, Vidal's requirement that it doesn't provide a sufficient factual basis actually doesn't apply on these facts, because Vidal held that without more than just the charging document and the West plea, that wasn't enough. The issue there is that Vidal had before it an abstract of judgment as well. But because Vidal, too, relied on Snellenberger I, it didn't look at the abstract of judgment. So when Vidal says the plea, the West plea, without more is no good, we actually have more in this record, and we can look at it now under the prevailing Ninth Circuit law. But Snellenberger didn't involve an abstract of judgment. Snellenberger involved a clerk's minute order. Is there a difference? No, Your Honor, not any material difference. Does anybody, do you have any case saying that a minute order in Snellenberger is the same as an abstract of judgment in this case? I believe there was a statement to that effect in Ramirez-Villapando. If it wasn't that case, then it would have been Pagayon. But the Court has equated the minute order in Snellenberger with abstracts of judgment as essentially equivalent documents, both of which are reliable under Shepard and Taylor. Yeah. Counsel, the reference to people v. West showed up in the change of plea hearing on page 108 of the record. The Court saying, Counsel, is there a stipulated factual basis for the plea pursuant to people v. West? And the answer from both attorneys, defense counsel and the government, was yes. Does that mean anything in terms of this case? I don't have a good answer to that question. I don't know what the trial judge was referring to. People v. West has a number of different holdings. He may simply have been acknowledging that plea bargaining is constitutional. It might be as simple as that. Well, doesn't people v. West hold that the parties can stipulate that there is a factual basis for the plea without actual proof, such as a police report? It could be that. It could be also it held that plea agreements had to be recorded. It could have been that as well. On this record, we simply don't know. In addition, there was no amendment to the charges made at the plea hearing. The judge didn't read the charging instrument into the record verbatim, but he was under no obligation to do so. The transcript specifically references count one, and under Snellenberger, the reference to count one brings along the facts charged in count one, which was methamphetamine. Well, what about counsel's argument that, I believe it was on page 103, the court says that I understand you're pleading guilty to count one of the complaint, but just before he actually pleads, he simply says you are being charged then in count one with a violation of 1130.77 and so forth. What about that argument that you heard her make this morning? I think it would be rather shocking to learn that a judge could amend a charging document through inaction. There's nothing in the transcript that suggests any intent on the part of any of the attorneys or the judge to amend any of the charges. And the fact that the judgment, the abstract of judgment and the complaint both read methamphetamine suggests very strongly that there was no amendment made. Snellenberger held that abstracts of judgment are reliable. This one says that he was convicted of possession of methamphetamine. And as the court noted earlier, if he wants to impeach the abstract of judgment, he has to go back to the state court. There was a suggestion in the briefs that the transcript should control because the This is a misapplication of a rule of general applicability with regard to sentencing. He's correct that in the context of a criminal judgment, the pronouncement of sentence, the oral sentence given by the judge will control over a conflicting written memorial of the sentence imposed. And as the court pointed out in U.S. v. Bergman, which is in the 28J letter, the reason for this relates to double jeopardy concerns and the right of a defendant to be present and speak at the time of sentencing. It has nothing to do with change of plea hearings. A change of plea is not a sentencing, and the taking of a plea is not a judgment. Can I ask you about the abstracts of judgment? Abstracts of judgment is a form here. Do you have it in front of you? Okay. So there's some information foiled out in the form, and then at the bottom there is a signature on a stand. Now, presumably the person who put the signature on there certifies, wasn't present. I mean, this is not an eyewitness, right? This is somebody who has checked court records, and this is a certification that court records reflect this information. Possession of methamphetamine, the date of conviction and so on, the name of the defendant and so on. Do you know how this information is, if we wanted to look at the actual court record that this reflects, that this is an abstract of, what would that be? It's a question of state law, state procedure. I'm not sufficiently informed. I went down to the courthouse. These are some, this has to be, like a land title record reflects a document filed with a county clerk, right? What does this reflect? How did this person get this information and able to type in here possession of methamphetamine specifically? I'm not familiar enough with California state law to be able to answer that. And you don't know how this got into the record? Presumably the government got it? Presumably. Okay. Okay. Thank you. Thank you. You owe me your time. If you'd like to take a minute for a bottle, give me this one. Do you know how these abstracts of judgment are gotten and what is the underlying judgment that this is an abstract of? I'm unclear, Your Honor. I think in this case it would probably be a good assumption that they were taken based on the charging document, because in this case the abstract was prepared, I believe, in February of 2007, and the transcript was not prepared until about six months later. So I don't believe that the abstract could have been based on the transcript at the time that it was prepared. Well, the transcript is dated February 16, 2007. But usually what, from my experience, the transcript is, pardon me, the abstract of judgment, first of all, the judge pronounces judgment. He says you've pleaded guilty. I find you guilty of the crime and count one of the complaint to wit, possession of methamphetamine, and I sentence you to the following. Eighteen months in the state penitentiary, $200 in fines, whatever is the sentence, stayed upon completion of probation or whatever. And as the judge is rendering the judgment in open court, the clerk is ticking off the little boxes that are in the abstract of judgment, which represents what the judge just said when sentencing the defendant. Well, in this case, though, Your Honor, the actual entry of the plea occurred in 2003, and the abstract of judgment wasn't prepared until 2007, four years later. Well, because you need a – well, usually you need a pre-sentence report to – a probation report in the State court before you pass sentence. So there may have been some delay in trial. Maybe it was a plea agreement. I don't know. But you say this wasn't prepared for three years later. Four years later, Your Honor. Four years. Yes. Correct. Correct. The – I mean, presumably, you should be able to get an abstract of judgment for a judgment that had – that was entered 20 years ago. I mean, you go to the clerk of court and ask for – I mean, for the – let's say it's necessary to prove you're divorced. You go to the clerk of the – of the county of the court where the divorce occurred, and you can get an abstract of judgment, which is a proof that you are now entitled to be And the clerk, of course, doesn't know. Wasn't there. Doesn't remember. They have to go look at some court record before they make a – I guess I'm trying to figure out if it's – whoever this person is, Mr. Apalategi. Good basket. Okay. There we go. But how would he know – or she, whoever it was in its initial year, D. Apalategi. How would D. Apalategi know what the court – has to look at something. Has to look at some court record. I agree. And that's exactly our concern here, Your Honor, is that we're not sure what they looked at, but we know that they didn't look at the transcript of the plea colloquy because that wasn't prepared until after the abstract of judgment was. Why would they look at the plea colloquy? This is not something that – when you ask a clerk for a copy of a judgment, they don't go through like a divorce – copy of a divorce decree. They don't go through and see whether there's a hearing or whether the judge found a seizure or anything else. They look at the court record and say, oh, here's a court record evidencing a divorce decree. I give you a certified copy of the decree. So they don't make any judgment. And a clerk of court – a clerical officer like this is not in a position to go back and sort of guess or navigate what the transcript says. Okay. They have to look at some court document that says this person is convicted, there's a judgment of conviction of this crime. And presumably if you go to the county records – what county was this?  Fresno. Fresno County. I believe so. Somewhere in those records there is an actual judgment of conviction. Correct. Or maybe a plea agreement. But we don't have that in – currently in the record here. Well, but see, that's a difference. I don't think a plea agreement would do it. I mean, certainly in federal court you can have a plea agreement, and then you bring the plea agreement before the judge. The judge then pronounces sentence – I'm sorry, accepts the plea agreement, pronounces guilt based on the plea agreement, imposes sentence, and then the clerk issues a piece of paper which then directs – let's say there's a prison sentence that directs the attorney general as to how long the individual is to serve. And nobody goes through and guesses. There has to be something like that in state court, no? I would absolutely agree. But what we would contend, Your Honor, is that under California law and under the law of the U.S. Supreme Court, what is the gold standard is the transcript of the plea colloquy. And we know that that was not in existence at the time that the abstract was prepared. And so because it wasn't relying on what has been considered to be the gold standard, it's not – it can't contradict, it can't add to, it can't modify. And California law is very clear on that. I would just make one more point, if the Court would allow, in terms of a rebuttal. In terms of the Respondent Counsel's argument that this could not have been a People v. West plea, I think that statement overlooks the fact that, in fact, in the transcript, it states that he did, in fact, plead guilty. On pages 107 and 108, it states, On February 8th, you did possess controlled substance. To that count – to that charge, to that charge, how do you plead? And he says guilty. So it was, in fact, a guilty plea. And then they went on to establish that the factual basis was pursuant to People v. West. Now, once we get to People v. West, Vidal squarely controls. And Vidal – Factual basis was done by stipulation. There was no establishment of factual basis. It was a factual basis pursuant to People v. West in which there is not – a person is pleading guilty to the minimum conduct necessary in order to be convicted under the statute. Say that again. Certainly. He was pleading to a factual basis pursuant to People v. West in which he is stating, I do not claim that I am guilty of this. However, I am entering a plea to the minimum conduct that it would take in order for me to be convicted under this statute. And this Court found in Vidal that a People v. West is not an admission of factual guilt such that you can take those facts and say he pleaded guilty to whatever was in the count. He is just pleading to the minimum. What does the California statute say as to the duty of a clerk or deputy clerk as to the basis upon which he can prepare an abstract of judgment? I don't have – I don't know that part of California law, Your Honor. I apologize.  Thank you, Your Honor. Thank you very much. The case is filed and will stand submitted. We are adjourned.
judges: Kozinski, O'scannlain, Bea